**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ________________________________________
(To be supplied by the court)

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*2:04 pm, Jan 23, 2023*
**JEFFREY P. COLWELL, CLERK**

Thomas Hayner, Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
**_X_ Yes ___ No**

Heavy, Inc,

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

General Delivery, Boulder, CO 80302
(Name and complete mailing address)

Thom.hayner@gmail.com
(Telephone number and e-mail address)

**B. DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: 330 West 38th St., #1002, New York, NY 10018
(Name and complete mailing address)

it@heavy.com
(Telephone number and e-mail address if known)

**C. JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

____ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Federal Tort Claims Act

Restatement of Torts

Invasion of Privacy

False Light

Unreasonable Intrusion Upon Seclusion

Appropriation of Name or Likeness

Harassment

X Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of Colorado.

If Defendant 1 is an individual, Defendant 1 is a citizen of New York.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of New York (name of state or foreign nation).

Defendant 1 has its principal place of business in New York (name of state or foreign nation).
(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant*.)

**D. STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: Defendant published false and defamatory per se libelous statements about Plaintiff, invading Plaintiff's privacy, unreasonably intruding upon Plaintiff's seclusion, presenting Plaintiff in a false light, appropriating Plaintiff's name and likeness, and harassing Plaintiff. Defendant published their false statements as if they were facts and made claims that no reasonable person would make without evidence and caused injury to the Plaintiff.

Supporting facts:

1. On March 24th, 2021, Heavy edited a published article to include Plaintiff's name in a malicious fashion and when not necessary.

2. On March 24th, 2021, Heavy edited a published an article which repeated false and defamatory claims that Plaintiff had committed a mass shooting.

3. Plaintiff had not committed the acts.

4. On March 24th, 2021, public records already indicated that Plaintiff had not committed the acts.

5. On March 24th, 2021, Heavy was not publishing a correction to remove Plaintiff's name.

6. On March 24th, 2021, Heavy was maliciously adding Plaintiff's name to their article.

7. Prior to the edits on March 24th, 2021,, the Boulder County DA made a public plea for media organizations to not use the other person's (Plaintiff's) name in their articles due to Plaintiff not being involved in the incident and the Boulder Police falsely and maliciously accusing Plaintiff of involvement.

8. The Boulder DA did not use Plaintiff's name directly in their public plea due to the use of Plaintiff's name, in any way meant to relate it to this incident, being defamation.

9. No other media organization or private person edited existing content, published new content or otherwise updated content containing Plaintiff's name after the Boulder County DA's statement due to it being obvious defamation, except to remove Plaintiff's name or to remove defamatory content upon receipt of a Cease and Desist notification. Heavy was the only person or organization known to maliciously add Plaintiff's name to their content.

10. The Boulder Police Oversight Panel found that the Boulder Police Department had falsely and maliciously accused Plaintiff of involvement in the incident without any cause, reason, or evidence to support their false claims.

11. Heavy did not include any information relating to the publicly available facts that Boulder Police had falsely and maliciously accused Plaintiff in the March, 2021 incident, and appear to be maliciously harassing Plaintiff by adding his name after being specifically asked not to by the Boulder DA and the Plaintiff.

12. Within 48 hours of the article being edited, Plaintiff contacted Heavy with a Cease and Desist Notice, informing them of the actual facts in the matter and demanding that they remove their libelous content.

13. Numerous other parties, some of whom were other media outlets and others who were private persons, removed similarly false content immediately upon receiving similar Cease and Desist Notices and apologized to Plaintiff. IBT refused to remove their false content or otherwise communicate with Plaintiff.

**E. REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

$50 million in damages, removal of defamatory content.

**F. PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

/s/ Thomas Hayner
(Plaintiff's signature)

23/01/2023
(Date)

(Revised February 2022)